IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAHOM NAYZGI TESFA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-1012-K-BN |
| | § | |
| PAMELA JO BONDI, U.S. Attorney | § | |
| General, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Nahom Nayzgi Tesfa, with the assistance of counsel, filed a habeas petition action under 28 U.S.C. § 2241 on March 30, 2026, challenging his continued detention without a bond hearing as unlawful. *See* Dkt. No. 1.

Tesfa also filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction (the "TRO Motion"). *See* Dkt. No. 2.

United States District Judge Ed Kinkeade referred the petition and TRO Motion to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 3.

The undersigned recommends that the Court deny the TRO Motion [Dkt. No. 2].

The TRO Motion seeks the same relief as the habeas petition – Tesfa's immediate release from custody or a bond hearing. *Compare* Dkt. No. 1 at 5 ("Petitioner therefore seeks habeas relief ordering his immediate release from ICE custody or, in the alternative, an order directing Respondents to provide him with a

prompt, constitutionally adequate, and individualized custody determination before a neutral decisionmaker with authority to order release.") *with* Dkt. No. 2 at 7 ("[T]his Court should issue a [TRO] at the earliest possible opportunity, requiring Respondents to provide [Tesfa]an immediate bond hearing or release.").

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of State of Fl. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (cleaned up).

So the decision on a motion seeking a TRO or preliminary injunction does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

In short, a TRO or preliminary injunction is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during

the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)). And, so, a motion or application for a TRO or preliminary injunction is properly denied when it is no more than a "motion to win."

"Specifically, a court cannot render ultimate relief sought in a habeas petition – releasing a detainee – in the form of a preliminary injunction or TRO." *Saechao v. Noem*, 2026 WL 602783, at \*1 (citations omitted); *accord Cano Alvarez v. S. La. Processing Ctr.*, No. 26-696, 2026 WL 660752, at \*1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes." (citations omitted)).

And, so, undersigned recommends that the TRO Motion [Dkt. No. 2] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE